**Cornelius LOPES, Plaintiff—Appellant,**

v.

**FREMONT FREEWHEELERS; et al., Defendants—Appellees.**

**No. 08–16993.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 22, 2010.

Cornelius Lopes, Newark, CA, pro se.

Mark P. Meuser, Meuser Law Group, Inc, Furah Zamir Faruqui, Law Offices of Gary M. Lepper, Walnut Creek, CA, David Ian Dalby, Hinshaw & Culbertson, San Francisco, CA, Gary M. Lepper, Law Of-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fices of Gary M. Lepper, Pleasant Hill, CA, Maureen Margaret Duffy, Esquire, Andrea Sue Carlise, Esquire, Steven Craig Wolan, Esquire, Patton Wolan Carlise, LLP, Oakland, CA, for Defendants–Appellees.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

### MEMORANDUM **

Cornelius Lopes appeals pro se from the district court's judgment dismissing his action alleging various federal civil rights and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Fink v. Shedler*, 192 F.3d 911, 913–14 (9th Cir.1999), and we affirm.

The district court properly dismissed Lopes's federal civil rights and state law claims on statute of limitations grounds because the claims accrued more than two years before Lopes filed this action. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.2004) (stating that the statute of limitations for 42 U.S.C. § 1983 claims is governed by the forum state's statute of limitations for personal injury claims, and that, effective January 1, 2003, the applicable statute of limitations under California law is two years); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711–12 (9th Cir.1993) (per curiam) (explaining that the limitations period that governs section 1983 claims also governs claims under section 1981, section 1985, and Title VI); *Stavropoulos v. Superior Court*, 141 Cal. App.4th 190, 45 Cal.Rptr.3d 705, 706 (Cal. Ct.App.2006) (holding that the statute of limitations for malicious prosecution claims under California law is two years); *see also Fink*, 192 F.3d at 914 (explaining that, under federal law, "[a] claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action"); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (stating that a claim under California law accrues when " 'the plaintiff either discovers or has reason to discover the existence of [the] claim' " (citation omitted)).

Lopes's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).